**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN H. UNTRACHT, M.D., Ph.D.,** | : | **CIVIL ACTION** |
| **F.A.C.S.** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 03-3080** |
| | : | |
| **ERDEN FIKRI, M.D., *et al.*** | : | |
| **Defendant** | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Timothy J. Savage, J.**                                                    **July 25, 2003**

In his *pro se* complaint, the plaintiff named thirty-six defendants, including individual physicians and health care professionals, a university, a law firm, an anesthesiology group, two health systems and four medical facilities. Only three of the defendants are located in this district.  The remaining defendants are located in western Pennsylvania and Ohio.  Plaintiff also named John Does 1 through 20 in his complaint.

Plaintiff was employed as a physician by the UPMC Lee Regional Hospital in Johnstown, Pennsylvania.[1]  He alleges that his employment relationship with UPMC Lee Regional Hospital was terminated and his staff privileges were revoked.  He claims that the individual defendants played some undefined role in the investigation or decision-making process in connection with the hospital's internal hearings and

---

[1]The 96 page complaint contains 522 paragraphs and 15 counts alleging Sherman Act violations, tortious interference with prospective economic advantage, §1983 civil rights violations, negligence, perjury and defamation.

proceedings which resulted in his termination.  Plaintiff has three other lawsuits

pending in the Court of Common Pleas of Cambria County, Pennsylvania which allege

the same set of circumstances and which have been stayed by that court.  See, Pl.'s

Complaint, p. 2.  Plaintiff anticipates taking action to consolidate the state court

proceedings with this federal lawsuit.  Id.

Several defendants[2] have moved to transfer venue pursuant to 28 U.S.C.

§1404(a), claiming that the Western District of Pennsylvania is the more appropriate

forum, and this venue is improper and inconvenient.  After considering all relevant

factors and giving great consideration to the plaintiff's preference, we conclude that this

case should be transferred to the Western District of Pennsylvania.

_____A defendant moving for a transfer of venue bears the burden of demonstrating

that (1) the case could have been brought initially in the proposed transferee forum; (2)

the proposed transfer will be convenient for the parties and witnesses; and, (3) the

proposed transfer will be in the interests of justice.  28 U.S.C. §1404(a); *Jumara v. State*

*Farm Insurance Company*, 55 F.3d 873, 879 (3d Cir.1995); *Shutte v. Armco Steel*

*Corporation, et al.,* 431 F.2d 22, 23-24 (3d Cir.1970), *cert. denied*, 401 U.S. 910 (1970).

Once the defendant establishes that the action could have been brought in the

proposed district, the court must weigh several factors to determine whether the balance

of conveniences tips in favor of transfer.  *Jumara,* 55 F.3d at 879; see also*, Coble v.*

---

[2]Defendants Erden Fikri, M.D., Dinesh Mathur, M.D., Vincent Fiorica, M.D., Terry Wahl, M.D., David R. Davis, Sanders Ergas, M.D., P. James Ridella, M.D., Bhaskaran Murali, M.D., Will H. Farthing, M.D., Brian Gunnlaugson, M.D., Richard Cartwright, M.D., Denise Weisbrodt, R.N., William M. Carney, M.D., Harvey Slater, M.D., George H. Benz, Jr., M.D., Stewart M. Flam, R. Joseph Federowicz, Dickey, McCamey & Chilcote (A Professional Corporation), UPMC Health System, Inc., and UPMC Lee Regional Hospital (hereinafter "Lee Defendants") have moved to dismiss, strike and/or transfer this case.  Other defendants have filed motions seeking to dismiss the complaint.  Because we are transferring this case, we leave the disposition of these motions to the transferee court.

*Consolidated Rail Corp.*, 1992 WL 210325, *2 (E.D.Pa.1992) citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  Among the factors to be considered are:  the plaintiff's choice of forum; the relative ease to access of sources of proof; the availability of compulsory process for attendance of unwilling witnesses; the practical problems that make trial of a case easy, expeditious and inexpensive; and, "public interest" factors, such as congestion of the court dockets and the relationship of the jury and the community to the occurrence.  *Jumara*, 55 F.3d at 879.

Section 1404(a) gives the district court broad discretion to decide a motion on a case-by-case basis.  Nevertheless, we are mindful that such a motion is not to be granted liberally.  See *Shutte,* 431 F.2d at 25, citing *Handlos v. Litton Industries, Inc.,* 304 F.Supp. 347, 352 (E.D.Wis.1969).  Indeed, we start our analysis favoring the plaintiff's selection of venue.

Although the plaintiff's choice of venue is usually given paramount consideration, *Shutte,* 431 F.2d at 25, it is not dispositive.  In fact, it is afforded less deference where the plaintiff does not live in the chosen forum and none of the operative facts occurred there.  See, *Duffy v. Camelback Ski Corp.*, No. 9200589, 1992 WL 151802, at *1 (E.D.Pa.1992); *Reed v. Weeks Marine, Inc.*, 166 F.Supp.2d 1052, 1057 (E.D. Pa.2001); *Coble v. Consolidated Rail Corp.*, 1992 WL 210325 at *2 (E.D.Pa.1992); Wright, Miller & Cooper, 15 Fed. Prac. & Proc. Juris. 2d §3848 at 380-81.

Here, plaintiff has offered no rationale for choosing a forum where he does not reside and where none of the operative facts underlying this litigation occurred.  In response to the motion to transfer, plaintiff's bald allegation is that "Significant aspects of the underlying conduct occurred in the Eastern District."  Pl.'s Answer to the Def.s'

Motion to Dismiss and/or Strike and/or Transfer, ¶62.  He alleges no facts to support this conclusory statement.  Thus, there is nothing before us to justify finding some relationship between this action and this district.

Conversely, the Lee defendants offer compelling reasons why transfer is appropriate.  The plaintiff himself resides and conducts business in Johnstown, Pennsylvania.  Defendants UPMC Health Systems, UPMC Lee, Conemaugh Health System, Windber Medical Center, Associated Anesthesiologists of Johnstown and Dickie, McCamey & Chilcote, P.C. all conduct business in the Western District of Pennsylvania.  Doctors Fikri, Mathur, Fiorica, Ergas, Ridella, Muralli, Farthing, Gunnlaugson, Kolff, Duke, Pai, Fritz, Carney, Wahl, Cartwright, Saluzzo, Weygandt, Slater and Benz, Mr. Davis, Ms. Weisbrodt and Mr. Jacobs, and Attorneys Flam and Federowicz conduct business in the Western District of Pennsylvania.

Plaintiff's professional relationship with UPMC Lee, Conemaugh Health System and Windber Medical Center was maintained in the Western District of Pennsylvania where the events described in the complaint occurred.  "All of the hearings, proceedings and testimony, which are the subject matter of this Complaint, took place in the Western District of Pennsylvania."  See, Brief in Support of Motion to Dismiss and/or Strike and/or Transfer, p.35.  Importantly, most of the witnesses, documents and other potential evidence are located in the Western District.  Id.  All of the individual defendants, except for two individual defendants residing in Philadelphia, regularly conduct business and reside in the Western District of Pennsylvania.  One of the Philadelphia defendants, Dr. Robert Fry, provided an expert opinion in the peer review proceedings which occurred in western Pennsylvania.  The other Philadelphia

physician, Dr. Larry Kaiser, was apparently sued because he chairs the Department of Surgery at the University of Pennsylvania, where Dr. Fry is employed; the University of Pennsylvania appears to be named under a theory of vicarious liability. The numerous defendants residing in or close to the Western District would incur great expense and burden in having to travel to the Eastern District of Pennsylvania to litigate this matter.

After weighing the factors of convenience and fairness against the plaintiff's choice of forum, we are convinced that the more appropriate venue for this case is in the Western District of Pennsylvania.  This case could have originally been brought there; it is the most convenient venue for the parties and witnesses; and, the proposed transfer will be in the interests of justice.  *See*, *Jumara,* 55 F.3d at 879; *Shutte* 431 F.2d at 23-24.  Plaintiff should not be permitted to force 33 defendants who reside or conduct business in Western Pennsylvania to litigate an action in the Eastern District where none of the alleged conduct giving rise to the plaintiff's causes of action occurred. Accordingly, the motion to transfer venue will be granted and this case will be transferred to the Western District of Pennsylvania.

An appropriate Order follows.


_____
TIMOTHY J. SAVAGE, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN H. UNTRACHT, M.D., Ph.D.,** | : | **CIVIL ACTION** |
| **F.A.C.S.** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 03-3080** |
| | : | |
| **ERDEN FIKRI, M.D., *et al.*** | : | |
| **Defendant** | : | |

<u>**ORDER**</u>

AND NOW, this 25th day of July, 2003, upon consideration of Defendants Erden Fikri, M.D., Dinesh Mathur, M.D., Vincent Fiorica, M.D., Terry Wahl, M.D., David R. Davis, Sanders Ergas, M.D., P. James Ridella, M.D., Bhaskaran Murali, M.D., Will H. Farthing, M.D., Brian Gunnlaugson, M.D., Richard Cartwright, M.D., Denise Weisbrodt, R.N., William M. Carney, M.D., Harvey Slater, M.D., George H. Benz, Jr., M.D., Stewart M. Flam, R. Joseph Federowicz, Dickey, McCamey & Chilcote (A Professional Corporation), UPMC Health System, Inc., and UPMC Lee Regional Hospital's Motion to Dismiss and/or Strike and/or Transfer (Docket No. 23), the Brief in Support of Motion to Dismiss and/or Strike and/or Transfer (Docket No. 24), and the plaintiff's response, it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED** as follows:

1.    The motion to dismiss and/or strike is **DENIED WITHOUT PREJUDICE.**

2.    The motion to transfer is **GRANTED**.

3.    This matter is **TRANSFERRED** to the Western District of Pennsylvania for

further proceedings.

    4.    All outstanding motions shall be decided by the transferee court.


_____
TIMOTHY J. SAVAGE, J.